IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CAITLIN M. GREY,<br><br>          Plaintiff,<br><br>     v.<br><br>JONAS JOHANSSON, *as Executor of the ESTATE of LAURA BRINDLE JOHANSSON, and INDIVIDUALLY,*<br><br>          Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 13-7497 (JBS/KMW)<br><br>**OPINION** |

APPEARANCES:

Caitlin M. Grey
935 Trellis Lane
West Chester, NJ 19382
     Pro Se Plaintiff

Stephen R. McDonnell, Esq.
Gawthorp Greenwood, PC
17 East Gay Street, suite 100
West Chester, PA 19380
     Attorney for Defendant

**SIMANDLE, Chief Judge:**

**I.   INTRODUCTION**

This matter comes before the Court by way of Plaintiff

Caitlin M. Grey's (hereinafter, "Plaintiff") motion to remand

[Docket Item 5] and Defendant Jonas Johansson's (hereinafter,

"Defendant") motion to dismiss [Docket Item 4].  This action

arises out of the last will and testament of Laura Brindle

Johansson (hereinafter, "Johansson"), Defendant's now deceased

spouse.  In her complaint, Plaintiff, Johansson's former

attorney, seeks a judgment declaring Johansson's will valid in its entirety, and particularly to the extent the will conferred on Plaintiff the continuing right to possess one of Johansson's horses, Navarra D (hereinafter, "Navy").  Plaintiff also asserts a quantum meruit claim for the value of services she provided in connection with Navy and, relatedly, seeks reimbursement for costs and expenses associated with Navy's maintenance and care. Defendant removed this action from the New Jersey Superior Court, Chancery Division.  The issue before the Court is whether the Court may exercise subject matter jurisdiction over Plaintiff's claims.

As explained below, the Court finds that the probate exception to federal diversity jurisdiction bars this action from proceeding in Federal Court. Plaintiff's motion to remand will accordingly be granted, and Defendant's motion to dismiss will be dismissed as moot.

## II.   BACKGROUND

### A. Plaintiff's Complaint

Laura Brindle Johansson died on February 9, 2009, survived by her husband, Defendant Jonas Johansson.  (Compl. [Docket Item 1-3], ¶ 1.)  On or about March 17, 2009, Defendant filed an application in the Salem County Surrogate's Court to admit Johansson's will to probate and to appoint Defendant executor of Johnasson's estate.  (Id. at ¶¶ 2-6.)  The Salem County

2

Surrogate issued an "Executor Short Certificate" on April 6,

2009, admitting Johansson's will to probate, and "duly"

authorizing Defendant to administer the estate.  (Id. at ¶ 7.)

Johansson's will devised, among other bequests, all "personal

effects, jewelry, household effects, furniture, automobiles[,]"

and "like" articles to Defendant, but directed Johansson's

"attorney, [Plaintiff] Caitlin M. Grey, Esquire, to sell or

adopt out or otherwise dispose" of Johansson's horses at

Plaintiff's "sole discretion."  (Id. at ¶ 8.)  The will

specifically directed Plaintiff to place the animals in a

setting deemed "preferable" and in the horses' "best

interests[,]" irrespective of the income derived from the sales

and/or placements of the horses.  (Id. (emphasis omitted).)

     In accordance with the provisions of the will, Plaintiff

alleges that Defendant "sought and then followed" her "advice

and recommendations" with respect to the horses, and

specifically approved sales by Plaintiff of three of Johansson's

ten horses, namely, Winter Storm Warning, Rudy, and Ricki.  (Id.

at ¶¶ 9-10.)  Rather than arrange a sale of Navy, however,

Plaintiff, purportedly at Defendant's direction and with his

express authorization, transported Navy from Defendant's home in

Woodstown, New Jersey, to a more suitable stable in Nottingham,

Pennsylvania. (Id. at ¶ 12.)  By letter dated August 15, 2009,

Plaintiff addressed the disposition of Johansson's horses, and

3

specifically discussed Plaintiff's "general" opposition to the sale of Navy.  (Id. at ¶¶ 16-18.)  Plaintiff further asserted at that time that Johansson purchased Navy with "personal monies" received from Johansson's father, rather than marital assets. (Id. at ¶ 19.)  Defendant allegedly never responded to Plaintiff's correspondence (nor objected to any of the assertions set forth therein), but instead "acted and continued to act" in accordance with Plaintiff's advice.  (Id. at ¶¶ 20- 27.)

On October 24, 2013, Defendant filed "an Emergency ex Parte Petition for Injunctive Relief" in the Court of Common Pleas of Chester County, Pennsylvania. (Id. at ¶ 29.) Defendant generally alleges in the pending state court action that Defendant "'jointly owned'" Navy with Johansson, and accordingly, that Navy passed to Defendant outside of Johansson's will.  (Id. at ¶ 30.)  Defendant therefore contends that Johnasson's will is "'void as a matter of law'" to the extent the will directs Plaintiff "to 'sell or adopt out or otherwise dispose' of" Navy. (Id. at ¶ 31.)  Defendant thereafter filed a "Complaint in Replevin" in the state court action in order to recover possession of Navy—the horse Defendant now contends he owns without limitation. (Id. ¶ 32.)

In the complaint in this action, Plaintiff seeks a declaratory judgment finding Johansson's will valid in all

respects, particularly to the extent the will provided for the disposition of Johnasson's horses.  (Compl. [Docket Item 1-3], 8.)  Plaintiff further seeks a declaration that ownership of the horses "did not pass to Defendant" by operation of law, and that Plaintiff's "present and continuing possession" of Navy is therefore "proper and lawful."  (Id.)  Plaintiff also seeks an order directing Defendant Johansson to compensate Plaintiff in quantum meruit for the value of Plaintiff's work and services related to the disposition of Johansson's horses. (Id. at 9-10.) Finally, in the event the Court finds Defendant the rightful owner of Navy, Plaintiff seeks reimbursement for the costs and expenses incurred in caring for Navy. (Id. at 10-11.)

   **B. Removal**

   Plaintiff filed this action in the Superior Court of New Jersey, Chancery Division, on November 18, 2013.  Defendant timely removed this action on December 2, 2013. [1]

   Defendant's notice of removal alleges that the Court possesses jurisdiction over this litigation pursuant to 28 U.S.C. § 1332, in light of the parties' diverse state citizenship. (Notice of Removal [Docket Item 1], ¶¶ 6, 8.) Defendant also asserts that Plaintiff's demand for compensation

---

[1] Defendant also asserts that Plaintiff's service by mail of her state court complaint "constitutes defective service," but that Defendant accepts service "for the sake of expediency[.]" (Id. at ¶ 12.)

and reimbursement arising out of costs and expenses "she
incurred caring for Navy" exceeds the statutory amount in
controversy.  (Id. at ¶ 7.)

**III. MOTION TO REMAND**

  **A. Parties' Arguments**

     Plaintiff argues that this action should be remanded
because counsel for Defendant purportedly effectuated removal of
this action through criminal and/or unethical behavior.  (Pl.'s
Mot. to Remand [Docket Item 5], 1-11.)  Plaintiff specifically
asserts that Stephen G. Rhoads, Esquire, and John E.D. Larkin,
Esquire[2] (hereinafter, "pro hac counsel")—counsel who signed and
filed the notice of removal in this action—lack "plenary"
licenses in the State of New Jersey and, therefore, committed
the unauthorized practice of law through removal of this
litigation.[3] (Id.)  Plaintiff further asserts that the claims in

_____

[2] Plaintiff also asserts that Stephen R. McDonnell, Esquire,
ratified and/or promoted pro hac counsel's unauthorized practice
of law through sponsoring their applications to appear *pro hac
vice* in this action.  (Pl.'s Mot. to Remand [Docket Item 5], 9,
11-12.)

[3] This is not the first occasion in which Plaintiff has asserted
that counsel for Defendants committed a litany of ethical
breaches in connection with the removal of this action to
Federal Court.  Indeed, Plaintiff vigorously opposed on that
basis pro hac counsels' applications to appear pro hac vice in
this action.  (See generally Pl.'s Opp'n to Def.'s Mot. for *Pro
Hac Vice* Admission [Docket Item 14].)  By Order dated May 6,
2014, the Honorable Karen M. Williams, United States Magistrate
Judge, found troubling pro hac counsels' pre-admission filing of
the removal notice, but ultimately concluded that their
admission pro hac vice better comported with the interests of

this action solely concern "the proper construction and
interpretation of a New Jersey will[.]" (Pl.'s Mem. of Law in
Supp. of Mot. to Remand [Docket Item 5-1], 12-13.) Indeed,
Plaintiff asserts that "a simple reading of the pleading"
demonstrates that she only "seeks clarification, construction,
interpretation and enforcement of the terms" of Johansson's
Will. (Pl.'s Am. Reply to Def.'s Opp'n to Pl.'s Mot. to Remand
(hereinafter, "Pl.'s Reply") [Docket Item 16], 7.)  Plaintiff
therefore claims that this litigation constitutes "purely a
matter" of probate and "falls squarely within the probate
exception to federal jurisdiction[.]"  (Id. at 13-14.)
Plaintiff also disputes the Court's jurisdiction in this action
on the basis that Defendant's notice of removal fails to
sufficiently demonstrate that the amount in controversy exceeds
the jurisdictional minimum.  (Id. at 8-10; see also Pl.'s Reply
[Docket Item 16], 6.)

Defendant asserts in opposition that the probate exception
has no application to this declaratory judgment action, in light
of the fact that Plaintiff's claims purportedly concern a
nonprobate, "marital asset" that passed to Defendant by

---

justice and with resolving the merits of the underlying dispute.
(Order [Docket Item 20], May 6, 2014, 3-5.)  This Court equally
declines to countenance the filing of pleadings by attorneys not
admitted before the bar of this Court, but finds Plaintiff's
arguments in this regard unconvincing as a basis to remand since
counsel has been pro hac vice.

operation of law at Johansson's death.  (Def.'s Memo. of Law in

Supp. of his Response to Pl.'s Mot. to Remand (hereinafter,

"Def.'s Opp'n") [Docket Item 9], 7-8.)  Defendant therefore

argues that this action constitutes little more than the claim

of a creditor, because Plaintiff seeks an adjudication of Navy's

"legitimate possessor based on a *previously* probated will."

(Id. at 8 (emphasis in original).)  Defendant further asserts

that Plaintiff's alternative demand for reimbursement of

expenses underscores the "inapplicability of the probate

exception" because Plaintiff's alternative claim—sought only to

the extent the Court concludes that "'ownership'" of Navy vested

in Defendant outside of Johansson's will—constitutes a

concession that Navy constitutes "a nonprobate asset."  (Id.

(citation omitted).)  With respect to the amount in controversy,

Defendant concedes that neither the notice of removal nor

Plaintiff's complaint provide a clear delineation of the amount

in dispute in this litigation. (Id. at 4-6.)  Rather, Defendant

asserts that this action "satisfies" the amount in controversy

requirement because Plaintiff certified in the Pennsylvania

state court action that the value of Navy and the value of the

expenses incurred in caring for Navy amounted in the aggregate

to more than $250,000.  (Id. at 5-6, 8.)

**B. Standard of Review**

It is well settled that "[o]nly state-court actions that
originally could have been filed in federal court" may properly
be removed.  Caterpillar Inc. v. Williams, 482 U.S. 386, 392
(1987) (citing 28 U.S.C. § 1441(a)).  Indeed, 28 U.S.C. §
1441(a) expressly provides that, "any civil action brought in a
State court of which the district courts of the United States
have original jurisdiction, may be removed by the defendant or
the defendants, to the district court of the United States for
the district and division embracing" the pending action.  28
U.S.C. § 1441(a).  Removal statutes, however, are to be strictly
construed, and any doubt with respect to the propriety of
removal should be resolved in favor of remand.  See, e.g., Brown
v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009); Boyer v. Snap-on
Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).  Consequently,
"[i]f at any time before final judgment it appears that the
district court lacks subject matter jurisdiction, the case shall
be remanded."  28 U.S.C. § 1447(c).

**C. Probate Exception to Federal Jurisdiction**

The "'probate exception' to diversity jurisdiction"
constitutes "a jurisdictional limitation" on federal courts'
ability to entertain certain diversity suits.  Three Keys Ltd.
v. SR Util. Holding Co., 540 F.3d 220, 226 (3d Cir. 2008).
Indeed, the Supreme Court has expressly recognized that the

9

"'probate exception'" precludes, under certain circumstances, an "otherwise proper" exercise of federal jurisdiction.  Marshall v. Marshall, 547 U.S. 293, 308 (2006). Under this exception, a federal court generally lacks "jurisdiction to probate a will or [to] administer an estate" and may not exercise jurisdiction in a manner which "disturb[s] or affect[s] the possession of property in the custody of a state court[.]"  Markham v. Allen, 326 U.S. 490, 494 (1946).  Though "the precise contours of the probate exception" remained initially unclear, the Supreme Court in Marshall v. Marshall provided an unequivocal indication that the exception narrowly applies under specific circumstances. Berman v. Berman, No. 07-2506, 2009 WL 1617758, at *2 (D.N.J. June 9, 2009).  In essence, the probate exception "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate[.]"  Marshall, 547 U.S. at 311.  The exception leaves unaltered, however, the ability of federal courts to "adjudicat[e] matters outside [of] those confines and otherwise within federal jurisdiction." Id. at 312. In light of Marshall, the Court of Appeals succinctly stated in Three Keys Limited v. SR Utility Holding Company that the probate exception applies where an action "endeavor[s] to: (1) probate or annul a will, (2) administer a decedent's estate, or (3) assume in rem jurisdiction over property" that remains in the custody of the state probate court.  Three Keys, 540 F.3d at

10

227.  In evaluating the third prong of the probate exception,

the Three Keys court instructed that courts must appreciate "the

distinction between an in personam action seeking a judgment

that a party has the right to a distributive share of an

estate," and an in rem action that "seeks a determination of a

party's interest" in specific estate property.  Id. at 230.  The

court noted, however, that "an action 'to dispose of property

that is in the custody of a state probate court'" involves "at a

minimum" the assumption of "in rem jurisdiction over that

property."  Id. at 229.

**D. Analysis**

The Court will grant Plaintiff's motion to remand.

Plaintiff's complaint in this instance squarely seeks a

declaratory judgment concerning the validity and effect of

Johansson's will.  (See generally Compl. [Docket Item 1-3], 8

(requesting a judgment declaring, among other things,

Johansson's will "valid").)  Defendant, by contrast, seeks a

determination that Johansson's will contains in part an *invalid*

provision, and that Plaintiff's claims concern "marital assets"

that never comprised a portion of Johansson's estate, but

instead "passed" to Defendant by operation of law.  (Def.'s

Opp'n [Docket Item 9], 7-8.)  The probate exception, however,

expressly bars federal courts from entertaining actions to

"probate or annul a will" or "to administer a decedent's

11

estate[.]"  Marshall, 547 U.S. at 311.  Courts have

correspondingly recognized that this prohibition bars federal

jurisdiction "over any claims for relief" or "theor[ies] of

recovery" that require a determination concerning the validity

and/or construction of a testamentary document.  Rothberg v.

Marger, No. 11-5497, 2013 WL 1314699, at *6-*7 (D.N.J. Mar. 28,

2013).  Because the parties to this action expressly seek an

adjudication of the validity of the underlying will, it is

readily apparent that the first prong of the probate exception,

proscribing federal courts from "endeavoring to ... probate or

annul a will," Three Keys, 540 F.3d at 227, applies to this

action.  Indeed, a majority of the relief that Plaintiff seeks

expressly calls upon the Court to make determinations concerning

subject matter over which this Court lacks jurisdiction.

Plaintiff seeks, for example, in Count One an order: (1)

declaring Johansson's will "in all respects and in each

particular provision" valid; (2) declaring that Johansson's will

expressly excepted her horses from the personal possessions

bequeathed to Defendant; (3) declaring that the horses owned by

Johansson did not pass to Defendant by operation of law; (4)

declaring the manner in which Johansson's will "obligate[s],

require[s] and direct[s]" Defendant to administer Johansson's

estate; and (5) declaring Plaintiff's possession of Navy

"proper" and in accordance with the applicable provisions of

Johansson's will.  (Id. at 9.)  In the alternative, but *only* to
the extent the Court finds certain provisions of Johansson's
will *invalid*, Plaintiff seeks in Count Three reimbursement for
the expenses and costs "incurred in the care and keeping of"
Navy.  (Id. at 11.) Notwithstanding the posture of the probate
proceedings, the judgment sought by Plaintiff with respect to
these Counts therefore directly concerns the construction,
interpretation, and *validity* of Johansson's will-the
adjudication of which would require the Court to "probate or
*annul*" the will.  Three Keys, 540 F.3d at 227 (emphasis added).

     Moreover, in light of the parties' dispute concerning
whether Navy constitutes a marital or probate asset, (see
generally Def.'s Opp'n [Docket Item 9]), resolution of
Plaintiff's claims further require the Court to determine
whether Navy constitutes an estate asset, the precise sort of
estate administration similarly proscribed by the second prong
of the probate exception.  See Estate of Czarnetzki v. Andrews,
No. 12-6923, 2012 WL 5869159, at *2 (D.N.J. Nov. 19, 2012)
(dismissing plaintiff's complaint for lack of subject matter
jurisdiction where plaintiff's requested relief would require
the court to determine "what belongs to the [e]state")
(citations omitted).  In that regard, the Court finds
Defendant's arguments to the contrary unpersuasive.  (See
generally Def.'s Opp'n [Docket Item 9].)  Rather, the Court

13

concludes that the testamentary validity claims at issue in this litigation clearly lie at the core of state probate, and therefore exceed the Court's jurisdiction. See Solow v. Berger, No. 10-2950, 2011 WL 1045098, at *2 (E.D. Pa. Mar. 22, 2011) (finding jurisdiction over plaintiff's fraudulent misrepresentation claim barred by the first prong of the probate exception because plaintiff's theory of recovery would require findings concerning a will's validity); Bosley v. Bosley, No. 07-1380, 2008 WL 2048665, at *4 (M.D. Pa. May 12, 2008) (noting that the probate exception aims "to ensure that all probate matters are managed by a single, specialized court").

With respect to Count Two of Plaintiff's complaint, the Court notes that Plaintiff seeks compensation in quantum meruit for the value of services Plaintiff provided in accordance with Johansson's will. (See Compl. [Docket Item 1-3], 9-10.) The crux of this claim, however, similarly turns on the validity of Johansson's will to the extent that Defendant argues that the provisions with respect to Plaintiff contravene public policy and/or concern purportedly nonprobate assets. (See generally Def.'s Opp'n [Docket Item 9].) Consequently, even if construable in part as the claim of a creditor, any adjudication of Plaintiff's quantum meruit claim relies upon an evaluation of the validity of Johansson's will. The overall claims in this litigation, irrespective of characterization, therefore require

14

the Court to "'endeavor[]'" to make inquiry into subject matter

expressly precluded by the probate exception.[4]  Three Keys, 540

F.3d at 227; see also N.J. ex rel. McDonald v. Copperthwaite,

No. 13-5559, 2014 WL 2208159, at *13 (D.N.J. May 28, 2014)

(finding that, "[b]y seeking a declaration of an exclusive right

in specific property," plaintiff "crossed the line into the

realm of the probate exception[,]" despite the fact that

plaintiff also sought an in personam award of damages) (emphasis

in original).

**IV.  CONCLUSION**

    For the reasons stated above, the Court will grant

Plaintiff's motion to remand [Docket Item 4], and dismisses as

moot Defendant's motion to dismiss [Docket Item 4].  An

accompanying Order will be entered.


 **August 26, 2014**                          **s/ Jerome B. Simandle**
Date                                        JEROME B. SIMANDLE
                                            Chief U.S. District Judge

---

[4] Having concluded that the probate exception precludes the
exercise of diversity jurisdiction in this action, the Court
need not consider the arguments proffered in connection with
Defendant's motion to dismiss. Rather, the Court shall dismiss
the motion as moot.